PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NENAD JANKOVIC, | ) | |
| | ) | CASE NO. 5:22CV1619 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHIEF JUSTICE MAUREEN O'CONNOR, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

### I. Background

On September 12, 2022, *pro se* Plaintiff Nenad Jankovic filed this civil rights action against Defendants Ohio Supreme Court Chief Justice Maureen O'Connor, Judicial Assignment Analyst Diane Hayes, and Ohio Assistant Ohio General Ann Yackshow. *See* ECF No. 1. Plaintiff also filed a Motion to Proceed *in forma pauperis* ("IFP"). *See* ECF No. 2.

The Complaint does not set forth cogent factual allegations or legal claims. In one paragraph, it states:

> Maureen O'Connor signiture [sic] illegal Certificet [sic] of Assignment for visiting judge for illegal time and destroy evidence for what, I think, inside self-interest murder.
> Diana Hayes said it is legal document tried to coverd [sic] destroyed evidence and swear on falce documente [sic].
> Ann Yackshaw quash my subpoena that I can not provide in Court that is judge illegal and that is all illegal document and that Supreme Court destroyed some evidence.

ECF No. 1 at PageID #: 4.

(5:22CV1619)

The relief sought is incomprehensible. Plaintiff asks the Court "[t]o find out why they wanted illegal court, did was in destroyed evidence elected judge thak [sic] about self-interest murder and is my life safe." ECF No. 1 at PageID #: 5.

For the reasons set forth, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is granted, and the Complaint (ECF No. 1) is dismissed.

## II. Standard of Review

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe the complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Even *pro se* plaintiffs must satisfy basic pleading requirements, and the liberal construction afforded *pro se* pleadings "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standards

2

(5:22CV1619)

articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals for failure to state a claim under § 1915(e)(2)(B)). The complaint's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the complaint must set forth allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### III. Analysis

On review, the Court finds the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which Plaintiff may be granted relief. The statements in the pleading are incomprehensible, conclusory, and fail to meet basic pleading requirements. Even accorded the deference to which a *pro se* pleading is entitled, the Complaint is insufficient to state any plausible non-frivolous federal claim against any Defendant. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (noting that a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Furthermore, judges, judicial officers, and prosecutors – the only defendants named – are immune from suits brought under 42 U.S.C. § 1983 arising out of the performance of their judicial, quasi-judicial, and prosecutorial functions. *See Wappler v. Carniak*, 24 F. App'x 294 (6th Cir. 2001); *Ireland v. Tunis,* 113 F.3d 1435 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988). Accordingly, the Complaint is also subject to dismissal to the extent it purports to allege federal civil rights claims under § 1983 arising out of the named Defendants'

3

(5:22CV1619)

performance of judicial, quasi-judicial, and prosecutorial functions as to which they are immune from suit.

### IV. Conclusion

Based on the foregoing, the Complaint is dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 31, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |